IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, a New Jersey Corporation,<br><br>         Plaintiff,<br><br>     v.<br><br>JAS FORWARDING (USA), INC., a Washington Corporation; SIERRA BAY TRANSPORT, INC., a California Corporation; and DOES 1 through 10, inclusive<br><br>         Defendants.<br>_____<br><br>AND RELATED CROSS-CLAIMS.<br>_____ | 2:11-cv-00586-GEB-KJN<br><br>ORDER DENYING MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT[*] |

Plaintiff filed a Notice of Settlement and Motion for Application for a Determination of Good Faith Settlement and Dismissal of Cross-Claims (hereinafter "Motion"), in which it seeks an order determining its settlement with Defendant/Cross-Defendant Sierra Bay Transport, Inc. was reached in good faith under California Code of Civil Procedure section 877.6. Plaintiff also seeks in the motion dismissal of Defendant JAS Forwarding (USA), Inc.'s (hereinafter "JAS's") cross-claims against Sierra Bay Transport, Inc. pursuant to the settlement.

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

JAS opposes the dismissal of its cross-claims against SBT, and argues if the motion is granted, JAS may be deprived of its federal right prescribed in 49 U.S.C. § 14706(b) ("the Carmack Amendment") to seek indemnity from SBT, should JAS ultimately be found liable under the Carmack Amendment for Plaintiff's missing property. (Def.'s Opp'n to Mot. ("Opp'n"), 2:1-3:27.) Specifically JAS argues approval of the settlement under California law could "eviscerate [JAS's] federal statutory right to indemnity [under § 14706(b)] from the responsible carrier." (Opp'n, 1:25-26.)

Plaintiff alleges in its complaint that JAS is a motor carrier or freight forwarder subject to Carmack Amendment liability and, alternatively, that JAS is a freight broker liable only under state law. (First Am. Comp., ¶¶ 2, 20); Chubb Group of Ins. Cos. v. H.A. Transportation Systems, Inc., 243 F. Supp. 2d 1064, 1068 (C.D. Cal. 2002). Notwithstanding Plaintiff's allegations under the Carmack Amendment, Plaintiff has not discussed in its motion the nature of JAS's exposure to liability in this case or JAS's asserted Carmack Amendment federal indemnity claim. Since Plaintiff has not addressed these issues in its motion or otherwise sustained its burden showing its motion should be granted, the motion is denied.

Dated: October 6, 2011

GARLAND E. BURRELL, JR.
United States District Judge

2